UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT E. HICKS,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, *et al.*,<br><br>    Defendants. | 3:14-cv-00352-RCJ-VPC<br><br><u>REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE</u> |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's application to proceed *in forma pauperis* (#1) and *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (#1-1). Having reviewed the record, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted, and that plaintiff's complaint be dismissed with leave to amend.

### I. *IN FORMA PAUPERIS* APPLICATION

Based on the financial information provided with plaintiff's application to proceed *in forma pauperis*, the court finds that plaintiff is unable to pay the filing fee in this matter. Accordingly, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted.

### II. LEGAL STANDARD

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. The statute requires the court to "dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-

-1-

(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011). When the court reviews a complaint under this standard, it accepts as true all of the plaintiff's allegations and construes the complaint in the light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). The court is to "construe *pro se* filings liberally . . . and to 'afford the petitioner the benefit of any doubt.'" *Id.*

Although the standard is broad, it is not limitless. Despite the leniency afforded to *pro se* plaintiffs, the court need not accept as true conclusory allegations, unwarranted deductions, or unreasonable inferences. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). Further, the complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the complaint must allege sufficient facts to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

### III. PLAINTIFF'S COMPLAINT

Robert E. Hicks ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections. Plaintiff is currently incarcerated at Lovelock Correctional Center in Lovelock, Nevada. In his complaint, plaintiff has named as defendants Chad Mitchell, an officer with the Henderson, Nevada Police Department; Thomas M. Carroll, the Clark County Chief Deputy District

Attorney; David Roger, the Clark County District Attorney; Edward B. Hughes, his former counsel; and Donald M. Mosley, a District Judge of the Eighth Judicial District in the State of Nevada. (#1-1 at 2-3).

Plaintiff's complaint and allegations are nearly indecipherable. However, the court understands plaintiff to allege, under 42 U.S.C. § 1983, a panoply of constitutional violations related to his arrest, trial, and conviction for sex offenses that led to his present incarceration. These allegedly include a *Miranda* violation; denial of his Sixth Amendment right to counsel; excessive bail; absence of a proper warrant; various grand jury deficiencies, including purported Confrontation Clause and due process violations; an equal protection violation based upon his former status as a private sector employee and the prosecutor's decision to prosecute him because of such status; and ineffective assistance of counsel. (#1-1 at 4-6, 10-23). Plaintiff asks for injunctive relief that vacates and expunges the state court conviction. (#1-1 at 9, 23). He also seeks actual and punitive damages for the allegedly improper state court conviction. (#1-1 at 9).

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Further, to prove a §

1983 claim, the plaintiff must necessarily establish each of the elements required to prove the defendant's infringement of the underlying substantive right.

Yet § 1983 is not a backdoor through which a federal court may overturn a state court conviction. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson v. Thomas*, 528 F.3d 685, 692-93 (9th Cir. 2008). Section 1983 and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials, . . . [but] they different in their scope and operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 480 (1994)). Prisoners may not rely on § 1983 to subvert the differing procedural requirements of *habeas corpus* proceedings under 28 U.S.C. § 2254, or to seek damages for alleged constitutional violations that necessarily entail the invalidity of a state court conviction. *Heck*, 512 U.S. at 486-87; *Simpson*, 528 F.3d at 695.

Under these principles, and for the following reasons, the court recommends that plaintiff's complaint be dismissed with leave to amend. First, as described, plaintiff's allegations are vague and conclusory. The lengthy complaint is almost entirely dedicated to mere recitations of case law and various legal treatises. By contrast, the complaint is largely devoid of factual bases for the constitutional violations the court has divined from plaintiff's words. Accordingly, the court cannot verify that any of the claims are plausible. *Iqbal*, 556 U.S. at 678. Second, and more problematically, plaintiff plainly seeks injunctive relief and damages for alleged constitutional violations that occurred during the course of his state court conviction. Each of these purported constitutionally infirm actions go the heart of the validity of his conviction, and plaintiff has not demonstrated that such conviction has been overturned. Therefore, plaintiff has not stated a

cognizable claim under § 1983, *Heck*, 512 U.S. at 486-88, and the court recommends that the claims be dismissed with leave to amend.

## IV. CONCLUSION

Although the § 1983 permits inmates to challenge constitutional violations committed by state actors, the statute does not allow prisoners to attack the validity of state court convictions or seek damages that necessarily entail the invalidity of those convictions. As plaintiff's complaint improperly seeks remedy for his allegedly unconstitutional state court conviction, the court concludes that dismissal with leave to amend is warranted.

The parties should be aware of the following:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order. Any notice of appeal should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (#1) be **GRANTED**. Plaintiff shall not be required to pay an initial installment fee. The full filing fee shall still be due, pursuant to 28 U.S.C. § 1915(b), as amended by the Prisoner Litigation Reform Act of 1996 ("PLRA"). Plaintiff shall be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER RECOMMENDED that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall remain due, pursuant to 28 U.S.C. § 1915.

IT IS FURTHER RECOMMENDED that, pursuant to 28 U.S.C. § 1915(b), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Robert E. Hicks, **Inmate No. 96457** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER RECOMMENDED that the Clerk shall detach and **FILE** the Complaint.

IT IS FURTHER RECOMMENDED that the Complaint should be **DISMISSED WITH LEAVE TO AMEND**. Plaintiff shall have **thirty (30) days** from the date of this order within which to file an amended complaint remedying, if possible, the defects identified above. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Plaintiff is advised that if he does not file an amended complaint within the specified time period, the Court will **DISMISS THE COMPLAINT WITH PREJUDICE**. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and plaintiff shall place the case number, 3:14-cv-00352-RCJ-VPC, above the words "FIRST AMENDED COMPLAINT."

DATED: December 9, 2014

_____
UNITED STATES MAGISTRATE JUDGE