UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| ROBERT E. HICKS,  <br>    Plaintiff,  <br>vs.  <br>STATE OF NEVADA et al.,  <br>    Defendants. | 3:14-cv-00352-RCJ-VPC  <br><br>**ORDER** |

This is a prisoner civil rights case brought pursuant to 42 U.S.C. § 1983. Pending before the Court is a Report and Recommendation ("R&R") as to screening pursuant to 28 U.S.C. § 1915A. No objections to the R&R have been timely filed as of this writing on December 30, 2014. For the reasons given herein, the Court adopts the R&R in part, grants the motion for leave to proceed *in forma pauperis*, and dismisses the Complaint, without leave to amend.

I.   FACTS AND PROCEDURAL HISTORY

Plaintiff Robert E. Hicks is a prisoner in the custody of the Nevada Department of Corrections who alleges constitutional violations by the officer who arrested him, the district attorney and chief deputy district attorney who prosecuted him, his own trial attorney, and the state trial judge who presided over his trial. The allegations include violations of *Miranda v. Arizona* and *Strickland v. Washington*, the Fifth and/or Sixth Amendment right to an attorney, the Seventh Amendment right to a grand jury, the Eighth Amendment right against excessive

bail, and the Fourteenth Amendment right to due process of law and to equal protection of the laws.  The allegations all arise out of alleged violations of Plaintiff's constitutional rights before and during trial.  The Magistrate Judge has recommended granting the motion to proceed *in forma pauperis* and dismissing the Complaint, with leave to amend.

## II.     LEGAL STANDARDS

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1)–(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule 12(b)(6), and the court applies the same standard under § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  When a court dismisses a complaint upon screening, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most

favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or in fact. This includes claims based on legal conclusions that are untenable, e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

///

///

### III.     ANALYSIS

The Court adopts the Report and Recommendation ("R&R") in part and will grant the motion to proceed *in forma pauperis* but will dismiss the Complaint without leave to amend. The Magistrate Judge is correct that the Complaint states no cognizable claim, because the Court has no appellate jurisdiction over the state courts, *see, e.g.*, *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923) (noting, as is still true today, that Congress had not given the district courts appellate jurisdiction over the state courts), and a finding of a constitutional violation via the present civil proceeding would necessarily imply the invalidity of Plaintiff's conviction, *see Heck v. Humphrey*, 512 U.S. 477, 486 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

The Court, however, finds that the defect in the Complaint cannot be cured by amendment. This is not a conditions-of-confinement case where a plaintiff has identified a potentially cognizable constitutional claim but simply failed to allege sufficient facts to make out its elements. Rather, there is no hint in the present Complaint of any claim of unconstitutional conditions of confinement. The claims are based purely on allegations of trial error in the state court resulting in confinement that is unconstitutional in-and-of-itself. Amendment of the present claims is therefore futile, because there is no set of factual circumstances under which Plaintiff can sue on claims of that type, unless he were to further allege that the underlying conviction had been overturned. And it is clear on the face of the Complaint that that has not happened, because Plaintiff alleges he is still incarcerated.

///

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 20) is ADOPTED IN PART and REJECTED IN PART.  The Motion to Proceed *in Forma Pauperis* (ECF No. 1) is GRANTED, but the Complaint (ECF No. 1-2) is DISMISSED under 28 U.S.C. § 1915A, without leave to amend.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 12th day of January, 2015.

_____
ROBERT C. JONES
United States District Judge